<u>SETTLEMENT AGREEMENT</u>

This settlement agreement (the "Agreement") is entered into on this 15th day of December, 2017, between plaintiffs Tobias Mooneyham and Derek Sleve ("Named Plaintiffs"), on behalf of themselves, the Settlement Collective, and Settlement Class, as defined below, and Defendant AVI Foodsystems, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, to resolve claims asserted in *Mooneyham, et al. v. AVI Food Systems, Inc.*, No. 1:17-cv-00103 (N.D. Ohio) (the "Action").

I.    <u>RECITALS</u>

WHEREAS, on January 13, 2017, Plaintiff Tobias Mooneyham filed the Action in the United States District Court for the Northern District of Ohio ("Court") on behalf of himself and a putative class of similarly situated employees, in which Plaintiff alleges that Defendant failed to pay Plaintiff and all similarly situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Chapter 4111 of the Ohio Revised Code, and, on February 16, 2017, Plaintiff filed an Amended Complaint adding Plaintiff Derek Sleve and allegations that Defendant failed to pay Plaintiff and all similarly situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the New York Labor Law; and

WHEREAS, the purpose of this Agreement is to finally and fully compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to the approval of the Court.

NOW, THEREFORE, it is hereby stipulated, consented to, and agreed, by the Plaintiffs for themselves and on behalf of the Settlement Class and Settlement Collective, and by Defendant, that, subject to the approval of the Court, the Action shall be settled, compromised, and dismissed with prejudice, and the Released Claims shall be finally and fully compromised, settled and dismissed as to the Released Parties, in the manner and upon the terms and conditions set forth in this Agreement.

II.   <u>SETTLEMENT CLASS AND COLLECTIVE</u>

A.    The "Settlement Class" shall include any exempt Route Supervisor or exempt CSA Supervisor employed by Defendant AVI Foodsystems, Inc. in Ohio from January 13, 2015 to the present.

B.    The "Settlement Collective" shall include any exempt Route Supervisor or exempt CSA Supervisor who opted into the Action on or before October 2, 2017.

C.    The term "Claimant" refers to all Settlement Collective and any Settlement Class members who make a claim as described below.

D.    Nothing herein shall be construed as an admission or acknowledgement by the Parties that any class or collective action treatment is either proper or improper in the Action, except for purposes of settlement.  Neither the Agreement nor approval by the Court of the

Agreement shall be admissible in any other proceeding regarding the propriety of class or collective action treatment.

III.   <u>COMPROMISE ACKNOWLEDGMENT</u>

      A.     The Parties and their respective counsel agree that this Agreement is entered into solely as a compromise with respect to disputed claims, and that this Agreement is not, and is not to be construed as, an admission of liability, or a lack of liability.  This Agreement shall not in any way be construed as an admission by Defendant that it has acted wrongfully with respect to the Named Plaintiffs, the Settlement Collective Members, or Settlement Class Members, collectively or individually, or to any other person, or that those individuals have any rights whatsoever against Defendant, and Defendant specifically disclaims any liability or wrongful acts against Named Plaintiffs, the Settlement Collective Members and the Settlement Class Members.  Furthermore, the Parties agree that this Settlement does not constitute an adjudication of the merits of the Action or any other matters released in this Settlement.  Accordingly, the Parties agree that none of them has prevailed on the merits, nor shall this Settlement serve or be construed as evidence that any Party has so prevailed or that Defendant or the Released Parties have engaged in any wrongdoing.

      B.     The Parties have engaged in fact investigation and formal and informal discovery of the claims and defenses in the Action, including analyzing the relevant law and payroll information.  Relying upon their fact investigations and analyses, the Parties have engaged in arms-length settlement negotiations, including formal mediation with a neutral mediator through whose auspices the Parties reached agreement.

      C.     Nothing in this Agreement or any action taken to implement it or any statements, discussions, communications, or materials prepared or used during the course of settlement negotiations shall be used in any other proceeding of any kind or be considered evidence of a violation of any federal, state, or local law, statute, rule, or executive order, or any obligation or duty at law or equity.  However, the Agreement may be used in any proceeding that has as its purpose the interpretation or enforcement of the Agreement.

IV.   CERTIFICATION OF A COLLECTIVE AND CLASS ACTION FOR SETTLEMENT
     <u>PURPOSES ONLY</u>

      A.     For settlement purposes only, the Parties stipulate to the certification of the Settlement Class and the Settlement Collective.  If the Court does not grant final approval of the Settlement, the settlement class shall be decertified and Defendant reserves all rights to challenge certification of a Rule 23 class.

      B.     Defendant agrees not to object to Plaintiffs' request that Klafter Olsen & Lesser LLP; Migliaccio & Rathod LLP; and Landskroner Grieco Merriman LLC be appointed "Class Counsel" for purposes of this Agreement.

C.    The certification of the Settlement Class and the Settlement Collective, appointment of the Named Plaintiffs as "Class Representatives," and appointment of Class Counsel by the Court will be binding on the Parties with respect to settlement of the Action only.

V.    <u>TERMS OF THE SETTLEMENT AGREEMENT</u>

A.    <u>Settlement Amounts</u>

1.    <u>Common Fund</u>: In full consideration for the terms, conditions, and promises in this Agreement, Defendant agrees to fund a Common Fund, in the manner set forth herein, not to exceed $1,500,000.00.  The Common Fund amount includes all amounts to be paid by Defendant under this Agreement, including, without limitation, settlement payments to Claimants, attorney's fees, litigation costs, enhancement payments, taxes, and Settlement Administrator payments and costs.  The Common Fund amount is the maximum amount that Defendant is obligated to pay under this Agreement.  In no event shall Defendant be required to pay more than the Common Fund amount in complete satisfaction of all its obligations under this Agreement.  Any funds that are unclaimed as set forth below shall revert to Defendant.

2.    <u>Attorney's Fees and Litigation Costs</u>

a.    Defendant agrees not to oppose a request by Class Counsel for reasonable attorney's fees and litigation costs, not to exceed $500,000 and $17,750, respectively.  Class Counsel agrees that they will not seek attorney's fees and reimbursement of litigation costs in excess of these amounts.  Class Counsel further agrees that any allocation of fees between or among Class Counsel shall be the sole responsibility of Class Counsel.  Class Counsel's attorney's fees and litigation costs shall be paid solely from the Common Fund.

b.    Within 35 days after an order by the Court granting final approval of this Agreement without any appeal being filed ("Effective Date"), Defendant shall deposit the amount due of the Settlement Fund of $1,500,000.00, less any unclaimed funds as the Settlement Administrator shall inform Defendant at least 14 days prior.  Upon deposit, the Settlement Administrator shall be immediately authorized to distribute attorneys' fees and litigation costs to Class Counsel and incentive payments to the Named Plaintiffs.  In advance of the Effective Date, Class Counsel will provide the Settlement Administrator with their tax-payer identification numbers and executed W-9 forms.  If an appeal is filed, the aforementioned amount due shall be deposited by Defendant within 35 days of the resolution of the appeal, if the Agreement is ultimately approved and upheld.

3.    <u>Named Plaintiff Enhancement</u>:  Defendant agrees not to oppose the Named Plaintiffs' request for approval of an enhancement payment out of the Common Fund of up to $5,000 each for their service as Class Representatives.  The Parties will execute mutual General Releases for Named Plaintiffs attached hereto as Exhibit D ("Release").  If an enhancement payment is approved by the Court, the enhancement payment shall be treated as non-wage income and shall be included on the IRS form 1099 issued to Plaintiffs.

4.    <u>Costs of Settlement Administrator</u>:  The total administrative fees and costs of the Settlement Administrator selected by Plaintiffs with Defendant's consent, but with Defendant not unreasonably withholding approval (the "Settlement Administrator"), including

payment for all services and mailings, shall not exceed $9,500.00 and shall be paid from the Common Fund.  The Settlement Administrator shall be responsible for: researching and updating addresses through skip-traces and similar means; reporting on the status of the administration of the Settlement to the Parties; resolving any settlement payment dispute, in concert with the counsel for the Parties; providing the Parties with all necessary data; setting up, administering and making payments from the settlement fund; distributing settlement payments and withholding therefrom applicable payroll taxes, including the employer's share of taxes, and remitting such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements; providing CAFA notice to any entity to whom it must be provided; and performing such additional duties as the Parties may mutually direct.  All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.  The administration costs will be paid from the Common Fund, and shall include all costs necessary to administer the Settlement.  The actions of the Settlement Administrator shall be governed by the terms of the Settlement Agreement. Defendant will provide Class Counsel and the Settlement Administrator with, as to each Settlement Collective and Settlement Class member: 1) name; 2) last known home address; and 3) social security number.  Defendant will also provide the Settlement Administrator with the last known telephone numbers of each Settlement Collective and Settlement Class member only for purposes of confirming or finding addresses.  The Settlement Administrator will also calculate the settlement allocation for each Collective Action Member and Class Member, based on the formula set forth below.

       5.    <u>Employer Payroll Taxes</u>: The employer share of FICA, FUTA, SUTA, Medicare and any other applicable payroll taxes for the payment amounts allocated to Settlement Collective and Settlement Class members shall be paid from the Common Fund.

       6.    <u>Payment Amounts To The Settlement Collective and Settlement Class Members</u>

       a.    The Common Fund amount, less all amounts allocated to attorney's fees, litigation costs, the Named Plaintiffs' enhancement payments, fees and costs of the Settlement Administrator, and employer payroll taxes, as described in paragraphs V.A.2–V.A.5, will be allocated among the Settlement Collective and Settlement Class members on a pro rata basis based on the number of qualifying weeks worked by each member of the Settlement Collective and Settlement Class, as aggregated for both the Settlement Collective and Settlement Class during the time periods covered by this Agreement as set forth in this paragraph (individual settlement payment = the individual's total workweeks ÷ total workweeks of all Settlement Collective and Settlement Class members x the remaining Common Fund amount).  For Settlement Collective members, the time period extends from three years prior to the date they filed a consent form in the Action to December 7, 2017.  For Settlement Class members, the time period extends from January 13, 2015 to December 7, 2017.  If any member of the Settlement Collective or Settlement Class did not work a full workweek during the time period covered by this Agreement, he or she shall be treated for purposes of this Agreement as if he or she had worked a full workweek.

        b.      Defendant's payroll records will be used to determine the number of workweeks.  Defendant will provide the Settlement Administrator with a complete list of Settlement Collective and Settlement Class members and their dates of employment as exempt Route Supervisors or exempt CSA Supervisors.  Based on these records, the Settlement Administrator will calculate the amounts to be allocated to each member of the Settlement Collective and Settlement Class as described in paragraph V.A.6.a.

        c.      Eligible Settlement Class members will not receive a settlement payment if they fail to submit a Claim Form and Release Agreement in accordance with paragraph V.C.1.f, Settlement Collective members who have already opted in to the litigation will be deemed to have already made valid claims and will receive a check with the release written on the back of the check.  The Settlement Administrator shall retain copies of negotiated checks from Settlement Collective Members and provide them to counsel for Defendant following the administration of the Settlement.  Only Claimants, as defined in II.C, will be eligible for a settlement payment.

        d.      For income and payroll tax purposes, the Parties agree that 50% of each Settlement Collective and Settlement Class member's settlement payment shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining 50% of each settlement payment shall be allocated as penalties, interest and other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Other than the withholding and reporting requirements herein, Settlement Collective Members and Settlement Class members shall be solely responsible for the reporting and payment of any federal, state and/or local income or other taxes on payments received under this Settlement.  The employer's share of payroll taxes shall be paid by the Settlement Administrator from the Common Fund.  The Settlement Administrator will provide an IRS Form 1099 for the Named Plaintiffs' service payments.  Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Defendant's bonus, pension, any 401(k), and/or other retirement plans or similar programs.

        e.      The appropriate withholding of federal, state, and local income taxes, including each Claimant's share of FICA, FUTA, SUTA, Medicare, and any other payroll taxes including backup withholding, if required, will be made from the settlement payments to Claimants.  The Settlement Administrator will also issue an IRS form W-2 to all Claimants at the times and in the manner required by the Internal Revenue Code of 1986 and consistent with this Agreement for the portion of each payment attributable to wages and an IRS form 1099 for the portion attributable to penalties and interest.  If the Internal Revenue Code, the regulations issued thereunder, or other relevant tax laws change after the Effective Date, the processes in this subparagraph may be modified in a manner to ensure compliance with such changes.  The Settlement Administrator will be solely responsible for all withholdings.

**B.**    Waiver And Release

1.    In exchange for the settlement payments and the other good and valuable consideration provided pursuant to the terms of this Agreement, the Named Plaintiffs, Settlement Collective members, and Settlement Class members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all claims, demands, and any other types of action for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, fees/costs, liquidated damages, interest, penalties, benefits, injunctive relief, declaratory relief, equitable relief, and all other relief under the FLSA and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of the order granting final approval of the Settlement that they have or may have, whether known or unknown, against Defendant, including its former and present officers, directors, employees, owners, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, subsidiaries, and affiliates ("Released Parties"). Settlement Class members who do not return claim forms shall be deemed by virtue of the Court's order of final approval to release all foregoing claims except those arising under the FLSA.

2.    Upon final approval of the Agreement by the Court, execution of this Agreement by Class Counsel shall fully effectuate the release provisions herein to which each Settlement Collective member and Settlement Class member is bound.

**C.**    Court Approval

1.    Preliminary Approval And Notice To Settlement Class and Settlement Collective Members

a.    The Parties agree to submit a joint motion for preliminary approval of the settlement and proposed order granting preliminary approval by December 29, 2017.

b.    Within 15 days after the Court enters an order preliminarily approving the terms of this Agreement, Defendant shall provide the Settlement Administrator with the final list of Settlement Collective and Settlement Class members agreed to by the Parties. The list shall include the name, last known address, social security number, and relevant dates of employment for each member of the Settlement Collective and Settlement Class. Class Counsel may also provide address information to the Settlement Administrator.

c.    Within 30 days after preliminary approval of this Agreement, the Settlement Administrator shall mail via first class U.S. mail a notice of preliminary approval to each Settlement Collective and Settlement Class member. Prior to sending the notice by first-class mail, the Settlement Administrator shall run an NCOA search for the addresses and make any necessary updates. Proposed notices to the Settlement Collective and Settlement Class, which include the amounts that each individual may receive in the Settlement, are attached to the Agreement as Exhibits A and B, respectively.

d.    The Settlement Administrator is solely responsible for sending the notices of preliminary approval to the Settlement Collective and Settlement Class. The Settlement Administrator, Parties, and their counsel shall not initiate any contact with Settlement

Page 6 of 13

Class members for the purpose of encouraging or reminding them to, or discouraging them from, returning a Claim Form, opting out of the Settlement, or objecting to the Settlement.

        e.      The mailing to each Settlement Class member who is not also a member of the Settlement Collective shall also include a Claim Form and Release Agreement. Such proposed Claim Form and Release Agreement is attached to the Agreement as Exhibit C.

        f.      The notice of preliminary approval sent to the Settlement Class members shall instruct them that in order to participate in the settlement and receive payment under the settlement, they must either (1) complete and sign an enclosed Claim Form and Release Agreement and return it to the Settlement Administrator postmarked no later than 90 days after the date the notice was initially mailed (the "Notice Period"); or (2) electronically sign the Claim Form and Release Agreement according to the procedures established by the Claims Administrator, which shall include the requirement that each Settlement Class member submitting an electronic claim enter the last four digits of their social security number, no later than the date the Notice Period expires. The Settlement Administrator shall be solely responsible for deciding if Claim Form and Release Agreements were timely returned. Settlement Class members who return a Claim Form and Release Agreement will be deemed to have affirmatively opted into the Action under the FLSA, 29 U.S.C. § 216(b).

        g.      During the Notice Period, a settlement website (www.aviwages.com) will allow Settlement Class members to submit Claim Forms online and will contain information relevant to Settlement Class members, as approved by the Parties, including but not limited to all applicable deadlines, Class Notice, a downloadable Claim Form, and contact information for reaching the Settlement Administrator via a toll-free telephone number, e-mail and U.S. mail.

        h.      Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information, approved by the Parties, to Settlement Class Members, pursuant to the terms and conditions of this Agreement.

        i.      For any notices and consent forms returned "undeliverable," the Settlement Administrator will use available databases in an effort to find Settlement Collective and Settlement Class Members whose preliminary approval notices were returned and will re-mail the notice within five days of obtaining a more current address. Class Counsel are free to provide at any time address information to the Settlement Administrator.

        j.      Settlement Class members who fail to submit a timely and complete Claim Form and Release Agreement within the applicable 90-day period shall be ineligible to receive any settlement payment pursuant to this Agreement.

        k.      The notice of preliminary approval shall explain that any Settlement Class member who wants to opt out of the Settlement in accordance with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(4) must submit a written request to the Settlement Administrator within 45 days of the initial mailing of the notice. The Settlement Administrator shall provide copies of any opt-out requests to Class Counsel. Class Counsel shall

be responsible for promptly filing any opt-out requests. Any Settlement Class member who requests to opt out of the settlement will not receive a settlement payment.

l. The notice of preliminary approval sent to Settlement Class members shall also explain that any Settlement Class member may object to the Settlement by submitting objections to the Court and serving them upon counsel of record, no later than 45 days after the initial mailing of the notice of preliminary approval. Objections must state the basis and, if the objector intends to appear at the final approval hearing, he or she must state such fact and state the purpose of the appearance. The Parties shall be permitted to respond in writing to objections within the time period set by the Court in its order granting preliminary approval. Settlement Class members who fail to file and serve timely objections shall be deemed to have waived objections to the Settlement and shall be foreclosed from making any objections. By failing to make timely objections to the Settlement, Settlement Class members also shall be foreclosed from appealing any aspect of the settlement after any final approval by the Court.

m. The Parties shall cooperate fully to resolve promptly any issues identified by the Settlement Administrator regarding the notice, the administration of the Settlement and disbursement of settlement payments, and any other issues related to the Settlement Administrator's duties under this Agreement.

n. Pursuant to 28 U.S.C. § 1715(b), within 10 days after the Parties file their motion for preliminary approval, Defendant shall serve a notice of the proposed settlement on the appropriate federal and state officials.

2. <u>Final Approval</u>

a. Following the end of the Notice Period, the Parties shall, at the earliest possible date, file a joint motion for final approval of the settlement and proposed final order. The Parties shall take all necessary actions to secure final approval of the Agreement.

b. In the event this Agreement is not approved by the Court, the Agreement shall be null and void in its entirety, unless expressly agreed to in writing by the Parties.

D. <u>Common Fund</u>

1. On the Effective Date, Defendant will fund the Common Fund as set forth in V.A.2.B.

2. The Common Fund will be used to make all required payments under this Agreement, including the employer share of payroll taxes.

3. The Parties agree to treat the Common Fund as a "qualified settlement fund" within the meaning of Treas. Reg. section 1.468B-1. In addition, the Parties will jointly and timely make the "relation back election" to the earliest permitted date, as provided in Treas. Reg. section 1.468B-1(j)(2). Such election will be made in compliance with the procedures and requirements set forth in such Treasury regulations. The Settlement Administrator is solely

Page 8 of 13

responsible for effectuating the establishment and administration of the Common Fund as a qualified settlement fund.

4.    For purposes of Internal Revenue Code of 1986 section 468B and Treas. Reg. section 1.468B-2(k)(3), the Settlement Administrator will be the qualified settlement administrator and will timely and properly file all information and other tax returns necessary or available with respect to the settlement amounts including, without limitation, the returns described in Treas. Reg. sections 1.468B-2(k)(1) and 1.468B-(2)(l). The returns will be consistent with this Agreement and in all events will reflect that all taxes, including any estimated taxes, interest, or penalties arising with respect to the income earned by the amount deposited into the Common Fund by Defendant pursuant to paragraph V(A)(2)(b), will be paid out of the Common Fund. All taxes, expenses, and costs incurred relating to the operation and implementation of this paragraph, including, without limitation, any expenses of tax counsel or accountants and mailing costs and expenses relating to the filing or failing to file any returns ("tax expenses") will be paid out of the amount deposited into the Common Fund by Defendant pursuant to paragraph V(A)(2)(b) and income earned on this amount. Taxes and tax expenses will be treated as, and considered to be, a cost of administering the individual settlement amounts and the qualified settlement administrator will be obligated to withhold from individual settlement amounts any funds necessary to pay such taxes and tax expenses and any taxes that may be required to be withheld pursuant to Treas. Reg. section 1.468B-2(l)(2).

E.    Delivery Of Settlement Checks

1.    Within seven days after the end of the Notice Period, the Settlement Administrator shall provide the Parties with the final list of Claimants. The list shall include the following for each Claimant: (a) full name; (b) best known address; (c) social security number; and (d) settlement payment amount based upon the formula in paragraph V.A.6.

2.    The Settlement Administrator shall mail settlement checks to Claimants within 10 business days after the Effective Date. The Named Plaintiffs' settlement checks shall include their enhancement payments. Release language consistent with paragraph V.B.1 shall be printed on the back of the Settlement Collective members' settlement checks. For any Claimant whose settlement check is returned as undelivered, the Settlement Administrator shall take reasonable steps to locate the Claimant and re-mail the check. Class Counsel may assist in seeking to locate a Claimant whose settlement check was returned as undeliverable.

3.    Settlement checks that are not presented for payment within 180 days of their mailing dates shall be transmitted by the Settlement Administrator to the state to which the unclaimed check was mailed. The Settlement Administrator shall provide notice to counsel for the Parties of transmittal of any settlement checks that are not negotiated within 180 days. The Settlement Administrator shall issue for each Claimant an IRS form 1099 showing the amount of liquidated damages paid and an IRS form W-2 showing the amount of back pay in the year it was paid.

VI.   GENERAL PROVISIONS

A.   Parties' Authority

1.   The signatories to this Agreement represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions of the Agreement.

2.   The Parties acknowledge that throughout negotiations they have been represented by counsel experienced in wage and hour class litigation and that this Agreement is made with the consent and approval of counsel who have prepared the Agreement.

3.   The Named Plaintiffs and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, or encumbered to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released herein, notwithstanding any agreement for attorneys' fees between Named Plaintiffs and counsel.

B.   Mutual Full Cooperation

The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of the Settlement, which includes meeting the deadlines set forth herein.  The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. To that end, the Parties agree to cooperate fully and reasonably to prepare and execute a Settlement Agreement that will be filed with the Court.

C.   Disputes Related to the Settlement Agreement

The Parties agree that if any disputes arise out of the finalization of the settlement documentation or of the Settlement itself, those disputes are to be decided by Mr. Hunter Hughes or by the Judge presiding over the Action, should Mr. Hughes be unavailable.

D.   Confidentiality

The Parties agree that the settlement terms shall remain confidential and not be disclosed to the media or public except as otherwise set forth in this Agreement.  The Parties and their counsel agree not to make any disparaging public statements.  Counsel for the Parties agree to maintain as confidential and not publish or disseminate any information about the Action that is not public information.

E.   Modification

This Agreement and its exhibits may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  No waiver of any condition or covenant contained in this Settlement or failure to exercise a right or remedy by any of the

Parties hereto shall be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right, or remedy.

F.  Entire Agreement

This Agreement and its exhibits constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic evidence of any kind shall modify or contradict the terms of this Agreement.

G.  Voiding The Agreement

1.  In the event this Agreement is not approved by the Court, the Agreement shall be null and void in its entirety.

2.  Notwithstanding paragraph VI.G.1, if judicial approval of the Agreement is denied, the Parties shall attempt to reach agreement on provisions rejected by the Court for a period not less than 45 days after the date on which approval is denied. The Parties shall file a joint motion for a stay of the Action during the 45-day period.

H.  Dismissal With Prejudice.  The Final Approval Order shall provide for dismissal with prejudice of the Action, including the putative New York state law claims asserted in the Action.

I.  Counterparts

This Agreement may be executed in counterparts, and when each party has executed at least one counterpart, the counterpart will be deemed an original, and when taken together, the counterparts will constitute one Agreement, which shall be binding and effective as to all Parties.

J.  Binding on Assigns And Successors

This Agreement shall be binding upon, and inure to the benefit of, the Parties, and their respective heirs, trustees, executors, successors, legal administrators, and assigns.

In witness hereof, the Parties and their duly authorized representatives have executed this Agreement below.

Dated:  December 17, 2017

KLAFTER OLSEN & LESSER LLP
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook NY 10573
Telephone:  (914) 934-9200

Page 11 of 13

MIGLIACCIO & RATHOD LLP
Nicholas A. Migliaccio
Jason S. Rathod
412 H St NE, Suite 302
Washington D.C. 20002
Telephone: (202) 470-3520

LANDSKRONER GRIECO MERRIMAN LLC
Jack Landskroner
Drew Legando
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000

Counsel for Plaintiffs, the Settlement Collective
and the Settlement Class

Dated: ~~December~~ January 3, 2018

Timothy S. Anderson (0071593)
James P. Smith (0073945)
Meredith C. Shoop (0085124)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio  44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
tanderson@littler.com
jpsmith@littler.com
mshoop@littler.com

Attorneys for Defendant,
AVI FOODSYSTEMS, INC.

Counsel for Defendant

Dated: December ___, 2017

_____
Tobias Mooneyham
Plaintiff

Page 12 of 13

Dated: December ___, 2017

_____

Derek Sleve
Plaintiff

Dated: ~~December~~ January 9, 2017

_____

AVI Foodsystems, Inc.
Defendant

Page 13 of 13

**LEGAL NOTICE**

**You previously filed a Consent to Join Mooneyham v. AVI Foodsystems, Inc.,**
**And You Are A Member of the Proposed Settlement of the Case.**

A Settlement has been reached in *Mooneyham v. AVI Foodsystems, Inc.,* Northern District of Ohio, No. 17-cv-00103. You previously filed a consent to join the lawsuit. As you recall, the lawsuit involves a claim for alleged unpaid overtime wages. The Settlement will release all wage claims under federal and state law.

AVI denies that it violated the law and claims that its Supervisors have been properly paid. By settling, neither AVI, nor the Supervisors who filed the lawsuit, make concessions as to the merits of their claims or defenses. The parties settled to avoid the risks, uncertainty, expense, and burden of further litigation.

<u>Since you previously submitted a consent to join this case,</u> you do not need to do anything. If the Court approves the settlement, you will receive your share of the settlement, which will be a pre-tax amount of approximately **[AMOUNT]**.

AVI has agreed to pay up to $1,500,000 in claims, attorney's fees, expenses, and notice and administration costs. The Court will determine the amount of attorney's fees, expenses, and notice and administration costs that will ultimately be paid. If you wish to comment on the settlement, you may file your comments with the Court by [DATE]. The Court will hold a Fairness Hearing on or about [DATE], at which you may appear on your own behalf or through an attorney.

The attorneys for the Settlement Class are Klafter Olsen & Lesser, Landskroner Grieco Merriman, and Migliaccio & Rathod. You may contact the attorneys by writing to Drew Legando, 1360 West 9th Street, Suite 200, Cleveland, Ohio 44113, calling 216-522-9000 or emailing drew@lgmlegal.com. The attorneys will be filing a petition with the Court by [DATE] for an award of fees as part of the Settlement and have committed to not request more than $500,000 in attorney's fees. If you wish to comment on an aspect of this settlement, including to object to it, to the fee request or to any other aspect of the settlement, you can do so by following the instructions in the preceding paragraph. Any comment on the fee request must be submitted by [DATE].

For more information on the case and the Settlement and your rights under it, visit [WEBSITE] or contact the Claims Administrator at 1-800-___-____.

HXT



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL     PERMIT NO. 1810     PROVIDENCE, RI

POSTAGE WILL BE PAID BY ADDRESSEE

HONEY TRANSSHIPPING SETTLEMENT ADMINISTRATOR
PO BOX 43355
PROVIDENCE RI 02940-9554



LEGAL NOTICE

**If you are or were a Route Supervisor or CSA Supervisor for AVI Foodsystems, Inc. in Ohio, you may be part of a class-action settlement and eligible to submit a claim.**

A Settlement has been reached in a class-action lawsuit against AVI Foodsystems, Inc.  The name of the lawsuit is *Mooneyham v. AVI Foodsystems, Inc.*, Northern District of Ohio, No. 17-cv-00103.  The lawsuit involves a claim for alleged unpaid overtime wages.  You may be included in the Settlement if you worked as a Route Supervisor or CSA Supervisor in the state of Ohio at any time between January 13, 2015, and December 7, 2017.  The Settlement will release all wage claims under federal and state law.

AVI denies that it violated the law and claims that Supervisors have been properly paid.  By settling, neither AVI, nor the Supervisors who filed the lawsuit, make concessions as to the merits of their claims or defenses.  The parties settled to avoid the risks, uncertainty, expense, and burden of further litigation.

If you submit a claim form by [DATE] and the Court approves the settlement, you will receive a share of the settlement, which will be a pre-tax amount of approximately **[AMOUNT]**.  You may submit the claim form attached to this notice, or you may submit a claim online at [WEBSITE].  If you do not submit a valid claim form, you will not receive a share of the Settlement.  If you do not wish to participate in the Settlement, do not return a claim form.  If you wish to opt out of the Settlement and retain the right to assert any claims you may have against AVI relating to the payment of wages or hours of work directions for doing so can be found at [WEBSITE] or you can call the Claims Administrator at 1-800-___-____ for more information or you can contact the attorneys listed below.

AVI has agreed to pay up to $1,500,000 in claims, attorney's fees, expenses, and notice and administration costs.  The Court will determine the amount of attorney's fees, expenses, and notice and administration costs that will ultimately be paid.  If you wish to comment on the settlement, you may file your comments with the Court by [DATE].  The Court will hold a Fairness Hearing on or about [DATE], at which you may appear on your own behalf or through an attorney.

The attorneys for the Settlement Class are Klafter Olsen & Lesser, Landskroner Grieco Merriman, and Migliaccio & Rathbod.  You may contact the attorneys by writing to Drew Legando, 1360 West 9th Street, Suite 200, Cleveland, Ohio 44113, calling 216-522-9000 or emailing drew@lgmlegal.com.  The attorneys will be filing a petition with the Court by [DATE] for an award of fees as part of the Settlement and have committed to not request more than $500,000 in attorney's fees.  If you wish to comment on this fee request, you can do so by following the instructions in the preceding paragraph.  Any comment on the fee request must be submitted by [DATE].

For more information on the case and the Settlement, visit [WEBSITE] or contact the Claims Administrator at [INFORMATION].

HXT



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL     PERMIT NO. 1810     PROVIDENCE, RI

POSTAGE WILL BE PAID BY ADDRESSEE

HONEY TRANSSHIPPING SETTLEMENT ADMINISTRATOR
PO BOX 43355
PROVIDENCE RI 02940-9554

**EXHIBIT**

**B**

tabbies

Mooneyham v. AVI Settlement
Class Member Claim Form

[BUSINESS REPLY PAID]

«Barcode»
Postal Service: Please do not mark barcode
**Mooneyham v. AVI SettlementAdministrator**
Claim#: VW-«ClaimID»-«MailRec»
[claim admin address]

Carefully separate at perforation

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
*Mooneyham v. AVI Foodsystems, Inc., No. 17-cv-00103*

**Settlement Claim Form**

To receive a cash payment under this Settlement, your Claim Form must be postmarked or received on or before _____, 2017. You may submit your Claim Form by signing and returning this post card or by completing a claim form online at www._____.com.

You must complete and sign below in order to receive any benefits from this Settlement.

Claimant Information:  PREPOPULATED INFORMATION – NAME & ADDRESS

I wish to join this action and take part in the Settlement.  I understand that by doing so and if the Settlement is approved, I will release and forever discharge all claims, demands, and any other types of actions for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, fees/costs, liquidated damages, interest, penalties, benefits, injunctive relief, declaratory relief, equitable relief, and all other relief under the FLSA and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of the order granting final approval of the Settlement that I have or may have, whether known or unknown, against AVI, including its former and present officers, directors, employees, owners, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, subsidiaries, and affiliates.

Signature _____  Dated (mm/dd/yyyy): _____

 *VW«ClaimID»*    «ClaimID»   VWTCRD1



EXHIBIT
C
_____

## MUTUAL GENERAL RELEASE

## EXHIBIT D TO SETTLEMENT AGREEMENT

THIS MUTUAL GENERAL RELEASE ("Release Agreement") is entered into this _____ day of _____, 2017 by AVI Foodsystems, Inc. ("Defendant") and Tobias Mooneyham and Derek Sleve ("Named Plaintiffs"). Defendant and Named Plaintiffs shall be collectively be referred to as the "Parties."

WHEREAS, Mooneyham and Sleve are Named Plaintiffs in the civil action styled *Mooneyham, et al. v. AVI Foodsystems, Inc.* pending before the United States District Court for the Northern District of Ohio, Case No. 1:17-cv-00103 (the "Action"), in which they assert class and collective action claims for alleged unpaid overtime;

WHEREAS, the Parties have denied, and continue to deny, any liability to the other;

WHEREAS, the Parties agreed to settle the class and collective claims asserted in the Action, as well as the claims of the Named Plaintiffs, and have executed a Settlement Agreement to memorialize the terms of the settlement; and

WHEREAS, Paragraph V.A.3 of the Settlement Agreement provides that, with Court approval, Named Plaintiffs will receive "Enhancement Payments" in the amount of Five Thousand Dollars ($5,000.00) each in exchange for a MUTUAL GENERAL RELEASE.

NOW, THEREFORE, the Parties for good and sufficient consideration agree as follows:

1. The Parties adopt and incorporate the terms of the above WHEREAS recitals as if fully set forth herein as substantive terms of the Parties' Release Agreement.

2. The Parties adopt and incorporate the terms of the Settlement Agreement as if fully set forth herein as substantive terms of the Parties' Release Agreement. In the event of any conflicts between the Settlement Agreement and this Release Agreement, the terms of the Settlement Agreement shall control.

3. As consideration to Defendant for this Release Agreement and the Enhancement Payments:

a. Named Plaintiffs, individually and for themselves and their successors and assigns, do hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant, as well as its current and former officers, directors, employees, owners, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, subsidiaries, and affiliates (all of the foregoing, together with Defendant, collectively referred to as "Releasees") of and from any and all charges, complaints, claims, liabilities, causes of action, damages, and expenses (including, but not limited to, attorney's fees, costs actually incurred, penalties, and liquidated damages), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against any of the Releasees, arising

1

out of any matter occurring or accruing on or before the date of this Release Agreement, including, but not limited to, any claims arising from their employment or the termination of their employment with Defendant, as well as any claims that were asserted or could have been asserted in the Action. This release and waiver includes, but is not limited to, claims arising under any federal, state, or local statutes, regulations, or ordinances, specifically including, but not limited to, the Americans with Disabilities Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, the Health Insurance Portability and Accountability Act of 1996, the Civil Rights Act of 1991, the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Rehabilitation Act of 1973, the Reconstruction Act of 1866, the National Labor Relations Act, the Fair Credit Reporting Act, the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act, the Sarbanes Oxley Act, the New York State Human Rights Law, the New York Labor Law, the New York Civil Rights Law, the New York State Insurance Law, the New York State Equal Pay Law, the New York Whistleblower Law, the New York State Wage Payment Law, the New York State Wage and Hour Law, the New York State Minimum Wage Act, the New York State Executive Law, the New York Constitution, the Ohio Civil Rights Act, Ohio Revised Code Chapter 4112, the Ohio Whistleblower Protection Act, Ohio Revised Code sections 4113.51 to 4113.53, and any other federal, state, or local law, statute, or ordinance. Named Plaintiffs affirm that they have not filed any other charges, complaints, claims, or actions against Releasees other than the Action. In the event there is outstanding any such charge, complaint, claim, or action, Named Plaintiffs agree to execute such papers or documents as may be necessary to have such charge, complaint, claim, or action withdrawn and dismissed with prejudice. Named Plaintiffs agree not to file a lawsuit or to commence any other legal proceeding against Releasees concerning any matter released in this Release Agreement. This Release Agreement does not apply to any claims or rights that cannot be released or waived by law. Nothing in this Release Agreement shall be construed to prohibit Named Plaintiffs from filing an administrative charge or administrative complaint with the EEOC, SEC, NLRB, or any other federal, state, or local agency or participating in any investigation or proceeding conducted by such administrative agencies. Further, nothing set forth herein prevents Named Plaintiffs from exercising their rights under Section 7 of the National Labor Relations Act.

        b.      Sleve agrees and recognizes that his employment relationship with Defendant has been permanently and irrevocably severed, and he forever waives any and all claims or rights to reinstatement, employment, or any other association or contractual relationship with Defendant. Sleve agrees that he shall not at any time seek or accept future employment with Defendant. A breach of this paragraph by Sleve shall constitute lawful and just cause for Defendant to refuse to employ Sleve or to terminate him if already employed, and Sleve shall have no cause of action for such refusal or termination.

        c.      Named Plaintiffs will not directly or indirectly, orally, in writing, or through any medium (including, but not limited to, television or radio, newspapers, newsletters, magazines, circulars, computer networks, social media, or bulletin boards, or any other form of communication) voluntarily or intentionally disparage, defame, impugn, threaten, or otherwise assail, damage, or interfere with the reputation, integrity, employment, or professionalism of Releasees, including, but, not limited to, their business and quality of their food and/or services.

2

d.    Named Plaintiffs agree that they have kept, and shall keep, strictly confidential the Settlement Agreement and this Release Agreement and all of their terms, conditions, negotiations, and amounts, as well as the circumstances relating to the events and allegations leading up to or asserted in the Action.  Named Plaintiffs shall not expressly or implicitly, by oral, verbal, or any physical means, conduct, commission, or omission, reveal or disclose the facts of the Settlement Agreement, this Release Agreement or the terms, conditions, negotiations, and amounts of such documents or the circumstances relating to the events and allegations leading up to or asserted in the Action, to any person or entity, and they shall not take any action or inaction calculated to lead to such a revelation or disclosure by another, other than to immediate family members, legal representatives, tax preparers, or financial advisors.  If any of these individuals violate the confidentiality obligations of this Agreement, such violation will be imputed to Named Plaintiffs and they will have breached this Agreement.  Named Plaintiffs agree to respond to any inquiries regarding the Action by stating that "the lawsuit has been dismissed," without making any reference to the Settlement Agreement, this Release Agreement, or their terms.

4.    As consideration to Named Plaintiffs for this Agreement:

a.    Subject to Court approval and pursuant to the Settlement Agreement, Named Plaintiffs shall be entitled to receive a service payment of up to Five Thousand Dollars and No Cents ($5,000.00) as described in Paragraph V.A.3 of the Settlement Agreement.  Prior to receipt of these payments, Named Plaintiffs must provide Defendant's counsel with properly executed W-9 forms from each of them.  The Enhancement Payments shall be treated as non-wage income and shall be included on IRS 1099 form for Named Plaintiffs who shall indemnify and hold Defendant harmless from any and all taxes, assessments, injuries, damages, attorneys' fees, penalties, costs (including FICA payments), expenses, or liability incurred as a result of any and all claims, demands, or causes of action that may hereafter be asserted against Defendant relating to the tax treatment of the Enhancement Payments.

b.    Defendant, for itself and its successors and assigns, does hereby irrevocably and unconditionally release, acquit, and forever discharge Named Plaintiffs of and from any and all charges, complaints, claims, liabilities, causes of action, damages, and expenses (including, but not limited to, attorney's fees, costs actually incurred, penalties, and liquidated damages), of any kind, whether known or unknown, which it now has, may have or claim to have, or which it at any prior time had or claimed to have against Named Plaintiffs, arising out of any matter occurring or accruing on or before the date of this Release Agreement.  Defendant agrees not to file a lawsuit or to commence any other legal proceeding against Named Plaintiffs concerning any matter released in this Release Agreement.

5.    The Parties confirm that they consulted with counsel and that they have carefully read and fully understand the provisions of this MUTUAL GENERAL RELEASE.

6.    The Parties acknowledge that the waivers, release of rights, and provisions as set forth in this MUTUAL GENERAL RELEASE are in exchange for valuable consideration that they would not otherwise be entitled to receive.

3

7.    Named Plaintiffs represent that they have not heretofore assigned or transferred, and have not purported to assign or transfer, any portion thereof or interest in the claims release herein.

8.    This Agreement is in all respects to be interpreted, enforced, and governed under the laws of the State of Ohio.

9.    This Agreement may not be modified except in writing signed by both Parties.

10.    If the Settlement Agreement is not approved by the Court, is terminated in any way, or does not become effective, this MUTUAL GENERAL RELEASE will be null and void.

11.    This Release Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement, binding on all Parties, notwithstanding that all Parties are not signatories to the same counterpart.

**NAMED PLAINTIFFS:**

_____        _____
Date                                            TOBIAS MOONEYHAM


_____        _____
Date                                            DEREK SLEVE


**DEFENDANT:**

                                                 AVI FOODSYSTEMS, INC.

_01/09/2018_____        By: _____
Date

4

**EXHIBIT**

**D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

OFFICIAL COURT-ORDERED NOTICE
(THIS IS NOT A SOLICITATION FROM A LAWYER)

**If you are or were a Route Supervisor or CSA Supervisor ("Supervisor")
for AVI Foodsystems, Inc., please read this Notice.**

*You have rights under a class and collective action
settlement.  This notice describes the settlement and
your choices under it.  Please read carefully.*

- Tobias Mooneyham and Derek Sleve, former Route Supervisors for AVI Foodsystems, Inc. ("AVI"), filed a lawsuit claiming that Supervisors should have been paid overtime for all hours worked over 40 in a week.

- The Parties have reached a proposed settlement of one million and five hundred thousand dollars ($1,500,000.00). Each person's share differs, depending on how long you worked as a Route Supervisor and/or a CSA Supervisor. If you are eligible to participate in the Settlement, you should have been sent a postcard notice informing you of what would be the amount you could expect to receive. You can also contact 1-800-[_____]for that information.

- If you previously joined this case, you do not need to do anything. If the Settlement is approved by the Court, you will receive a check for your share. This is explained in more detail below, as are your other options.

- If you did not previously join this case, and you wish to participate in the Settlement, by [date] you must either return the postcard Claim Form you were sent or you can [click here] to electronically submit your claim. If you fail to timely submit a Claim Form, you will receive no money from the Settlement. Unless you "Opt-Out" of the Settlement by returning by [date] a written, signed statement to the Claims Administrator that you are opting out of the Settlement, you will be bound by the terms of the Settlement, whether or not you submit a Claim Form. These options are explained in more detail below.

- If you are not sure whether you previously joined the case, you check by contacting 1-800-[_____].

- Your legal right to participate in the Settlement is subject to the choice that you must now make.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT (IF YOU JOINED THE CASE PREVIOUSLY)** | If you previously submitted a Consent to Join the lawsuit, you do not need to do anything to participate. You will share in the Settlement. The amount you can expect to receive from the Settlement, before taxes, was provided to you on a postcard or can be obtained by calling 1-800-[_____]. By participating, you give up rights to sue AVI on your own for the same claims in this |

| | |
|---|---|
| | lawsuit. |
| **PARTICIPATE IN THE SETTLEMENT (IF YOU DID NOT PREVIOUSLY JOIN THE CASE)** | If you previously did not join the case and you wish to participate in the Settlement, you must complete and return a claim form. You should have been sent a postcard claim form in the mail. If you did not receive it and you are on the list of those approved to participate, you can [click here] to submit a claim electronically. Or you can call 1-800-___-____ to obtain a new claim form through the mail. By participating, you give up rights to sue AVI on your own for the same claims in this lawsuit. |
| **DO NOTHING** | If you do nothing and you previously joined the case, you will participate automatically. <br><br> If you do nothing and you previously did not join the case, you will not receive any money from the Settlement. If the Court approves the Settlement and that approval becomes final, you will be deemed to have released and waived any claims under state or local laws, which were, or could have been, alleged in the lawsuit for overtime pay in connection with your employment as a Route Supervisor and/or CSA Supervisor. |
| **REQUEST TO BE EXCLUDED** | If you did not previously join the case, you may exclude yourself from the Settlement by submitting a "Request for Exclusion" to the Claims Administrator, as detailed below, by [date]. If you exclude yourself, you will not participate in these proceedings, nor will you receive any money from this Settlement. You also will retain the right to assert any claims you may have against AVI relating to the payment of wages or hours of work. |
| **FILE AN OBJECTION** | Whether you did or did not previously join the case and *if you do not* submit a timely and complete Request for Exclusion, you can object to the terms of the Settlement, and/or the attorneys' request for fees and expenses, and/or the Settlement Class Representatives' request for Incentive Awards of up to $5,000 for each of the two Class Representatives. Any objections to the Settlement must be filed with the Court and served on Counsel for the Parties by [date]. More details on objecting are set forth below. Note that if the Court approves the Settlement despite your or any other objections and you have not submitted a claim form, you will not receive any money from the Settlement. |

This Notice explains the lawsuit, the terms of the Settlement, and your rights and obligations. It is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the Parties. It contains information about the following topics:

1. What Is the Lawsuit About, and Why Was This Notice Sent?

2.   Who Is Affected by the Proposed Settlement?

3.   What Are Your Options?

4.   What Are the Terms of the Proposed Settlement, and How Will the Value of Clams Be Determined?

5.   Who Represents the Parties, and How Will the Attorneys for the Class Get Paid?

6.   How Can You Participate in the Settlement?

7.   What If You Do Nothing?

8.   Will You Be Retaliated Against by Your Employer for Participating?

9.   How Can You Exclude Yourself or "Opt-Out" of the Settlement?

10.  How Can You Object?

11.  What If You Have Questions?

## 1. What is the Lawsuit About, and Why Was This Notice Sent?

Two former Supervisors who worked for AVI brought a lawsuit against AVI entitled *Mooneyham et al. v. AVI Food Systems, Inc., et al.*, Case No. 1:17-cv-103. They claim that Supervisors were not paid overtime in any week in which they worked more than 40 hours, as they contend is required by federal and state law. Specifically, the lawsuit alleges that, despite AVI's corporate expectation that Supervisors' primary duty is to supervise and manage the performance of Route Drivers and CSAs, their primary duties did not differ substantially from those performed by Route Drivers and CSAs, and included tasks such as driving a vehicle, carrying and stocking merchandise, and servicing vending machines. As a consequence, Mooneyham and Sleve claim that they, and other Supervisors, are entitled to overtime pay.

AVI adamantly denies any wrongdoing or violation of any laws or regulations and asserts that Route and CSA Supervisors are properly classified as overtime-exempt based upon their management duties and oversight of Route Drivers and CSAs. By settling, neither AVI, nor the Supervisors who filed the lawsuit ("Settlement Class Representatives"), make concessions as to the merits of their claims against AVI. The Parties have entered into this Agreement to avoid the risks, uncertainty, expense and burden of further litigation.

After litigating the lawsuit for nearly a year, exchanging discovery and engaging in negotiations, the Parties have reached a proposed settlement of all claims. Previously, the Court authorized notice and an opportunity to allow individuals who then worked as current and former Supervisors to join the case through an opt-in Consent to Join process. If you are unsure whether you previously joined the case, you can contact the Claims Administrator at 1-800-____-____.

The Court has granted preliminary approval of the Settlement and has scheduled a hearing on [date] in [location] to determine whether to grant final approval. This Notice tells you about your rights under the proposed Settlement.

## 2. Who Is Affected by the Proposed Settlement?

The proposed Settlement affects all individuals who previously joined this case and all individuals who were employed by AVI as a Supervisor in Ohio from January 13, 2015 to December 7, 2017.

## 3. What Are Your Options?

If you previously joined the case, your options are to

(1)   participate in the Settlement by doing nothing; or

(2)   file an objection to the Settlement and/or request by Settlement Class Counsel for an award of attorneys' fees and lawsuit costs and incentive awards to the Settlement Class Representatives.

If you previously did not join the case, your options are to:

(1)     participate in the Settlement by returning a Claim Form;
(2)     do nothing;
(3)     request to be excluded from the Settlement; or
(4)     file an objection to the Settlement and/or request by Settlement Class Counsel for an award of attorneys' fees and lawsuit costs and incentive awards to the Settlement Class Representatives.

Details about how each option would affect your rights are explained below.

## 4.  What Are the Terms of the Proposed Settlement, and How Will the Value of Claims be Determined?

If the Settlement is approved, AVI will pay an amount not to exceed one million and five hundred thousand dollars and no cents ($1,500,000.00) ("Gross Settlement Amount") into a qualified settlement fund. The amount that you could expect to receive, before taxes, if you participate was previously sent to you on a postcard.  You can obtain that amount by calling 1-800-___-___.  Participation shares in the Settlement are arrived at in the following manner.  After subtracting the administration costs related to the Settlement, attorneys' fees (which shall not exceed $500,000.00), the lawyer's lawsuit costs, and the incentive awards to Settlement Class Representatives, the remaining money available in the fund will be the Net Settlement Amount.  The Net Settlement Amount is allocated among the Settlement Collective and Settlement Class members on a pro rata basis based on the number of qualifying weeks worked by each member of the Settlement Collective and Settlement Class, as aggregated for both the Settlement Collective and Settlement Class during the time periods covered.  The Settlement Administrator has made this calculation based on payroll records provided by AVI.

The Settlement Class Representatives and Class Counsel support the Settlement.

Class Counsel believe this to be an excellent result for the Class, especially in light of the inherent delays and uncertainties associated with litigation. Based on Class Counsel's experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and potential appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

If you would like additional information, a copy of the Settlement Agreement is available [here] or you can contact the Class Counsel listed in Section 5 below.  If you have questions about the amount to which you are entitled or the components used to determine it, you can contact the Claims Administrator at [number].

## 5.  Who Represents the Parties, and How Will the Attorneys for the Class Get Paid?

Class Counsel are:

| | | |
|---|---|---|
| Drew Legando<br>Jack Landskroner<br>Edward S. Jerse<br>Tom Merriman<br><br>LANDSKRONER<br>GRIECO<br>MERRIMAN LLC | Seth R. Lesser<br>Fran L. Rudich<br>Christopher Timmel<br><br>KLAFTER OLSEN & LESSER, LLP<br>Two International Drive, Suite 350<br>Rye Brooke, New York 10573<br>T. (914) 934-9200<br>F. (914) 934-9220 | Nicholas A. Migliaccio<br>Jason S. Rathod<br><br>MIGLIACCIO & RATHOD LLP<br>412 H Street NE, Suite 302<br>Washington, DC 20002<br>T. (202) 470-3520<br>F. (202) 800-2730 |

| | | |
|---|---|---|
| 1360 West 9th Street, Suite 200 Cleveland, Ohio 44113 T. (216) 522-9000 F. (216) 522-9007 drew@lgmlegal.com jack@lgmlegal.com edjerse@lgmlegal.com tom@lgmlegal.com www.lgmlegal.com | seth@klafterolsen.com fran@klafterolsen.com christopher.timmel@klafterolsen.com www.klafterolsen.com | nmigliaccio@classlawdc.com jrathod@classlawdc.com www.classlawdc.com |

Attorneys for AVI Foodsystems, Inc. are:

Timothy S. Anderson
James P. Smith
Meredith C. Shoop

LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
216-696-7600
tanderson@littler.com
jpsmith@littler.com
mshoop@littler.com
www.littler.com

The Settlement Class Representatives for the proposed settlement are Tobias Mooneyham and Derek Sleve.

Within thirty (30) days preceding the date of the Final Approval Hearing or the date set by the Court, Settlement Class Counsel will make an application for Attorneys' Fees that does not exceed thirty-three and one-third percent (33-1/3%) of the one million and five hundred thousand dollars ($1,500,000.00), and reimbursement of the costs they incurred in litigating the lawsuit. Class Counsel believes that the amounts requested are fair and reasonable for the work undertaken to obtain this settlement for all of the individuals it covers.

## 6. How Can You Participate in the Settlement?

If you previously joined the case, you do not need to do anything to participate. If the Court approves the Settlement and there are no appeals, you will be paid your share approximately six weeks after the Court's approval.

If you previously did not join the case and you wish to participate in the Settlement, you need to submit a Claim Form by [DATE].  You can either return the postcard Claim Form you were previously sent or can submit a Claim Form electronically by [clicking here]. If the Court approves the Settlement and there are no appeals, you will be paid your share approximately six weeks after the Court's approval.

Once the Court approves the Settlement, and it becomes final, you will be unable to bring any claim

against AVI based on overtime pay in connection with your employment as a Supervisor through final approval of the Settlement.

If you participate in the Settlement, your full legal release will be as follows: you will release and forever discharge all claims, demands, and any other types of actions for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, fees/costs, liquidated damages, interest, penalties, benefits, injunctive relief, declaratory relief, equitable relief, and all other relief under the FLSA and all other state and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of the order granting final approval of the Settlement that you have or may have, whether known or unknown, against AVI, including its former and present officers, directors, employees, owners, attorneys, insurers, benefit plans, predecessors, successors, parents, sponsors, subsidiaries, and affiliates.

A copy of the foregoing full release will be included on the back of each settlement check.

## 7. What If You Do Nothing?

If you previously joined the case and you do nothing, you are deemed to participate and what happens is described in Section 6 above.

If you previously did not join the case, by doing nothing, you will not receive any money from the settlement. If the Court approves the Settlement and that approval becomes final, you will be deemed to have released and waived any claims under state or local laws, which were, or could have been, alleged in the lawsuit for unpaid wages in connection with your employment as a Route Supervisor and/or CSA Supervisor.

## 8. Will You Be Retaliated Against by Your Employer for Participating?

No. Federal law prohibits an employer from firing or in any way retaliating against you because you have joined this Settlement.

## 9. How Can You Exclude Yourself or "Opt-Out" of the Settlement?

If you did not previously join the case, you may exclude yourself from the Settlement by submitting a "Request for Exclusion" to the Claims Administrator by [date]. If you exclude yourself, you will not participate in these proceedings, nor will you receive any money from this Settlement. You also will retain the right to assert any claims you may have against AVI relating to the payment of wages or hours of work.

To exclude yourself from the Settlement, you must submit a Request for Exclusion in writing to the Claims Administrator with a postmark date of no later than [date]. This Request for Exclusion must include your full name (clearly legible), and should state: (1) that you are requesting to be excluded from the Parties' settlement in the case in *Mooneyham, et al. v. AVI Foodsystems*, Inc., No. 1:17-cv-00103 (N.D. Ohio); and (2) that you understand that by excluding yourself from the Settlement, you will not receive any money from this Settlement. Note that you cannot both exclude yourself from the Settlement and seek to recover settlement funds by submitting a Claim Form and Release. If you attempt to do both, any request to exclude will be void.

## 10. How Can You Object?

Whether you did or did not previously join the case and *if you do not* submit a timely and complete Request for Exclusion, you can object to the terms of the Settlement, and/or the attorneys' request for fees and expenses, and/or the Settlement Class Representatives' request for Incentive Awards. You may object to the Settlement and/or to the request for attorneys' fees and expenses or Incentive Awards and participate in the Settlement, but you must timely file a Claim Form to receive any money.

In order to object to the Settlement and/or to the request for attorneys' fees and expenses or Incentive

Awards, you must file your written objection with the Court at the United States Courthouse, [Address] no later than [date],  and mail a copy of your written objection to the counsel for the parties identified in Section 5 above by the same date. Any written objection must be signed and state each specific reason in support of your objection and any legal support for each objection. *PLEASE DO NOT TELEPHONE THE COURT.*

If you submit a timely objection, you may also appear, at your own expense, at the Final Approval Hearing. However, to be considered at the Final Approval Hearing in Court, you must first file with the Court and mail a copy to counsel for the Parties a "Notice of Intent to Appear at the Final Approval Hearing" - which is currently set for [date] in Courtroom [Number] of the United States Courthouse, [Address]. You can represent yourself or appear through your own attorney. To do so, you or your attorney must also file a "Notice of Appearance" in this case with the Clerk of the United States District Court for the Northern District of Ohio, and mail copies to counsel for the Parties listed above, no later than [date].

If you intend to object to the settlement and/or the fee and lawsuit cost request, but wish to receive your share of the net settlement amount, you must still timely submit your CLAIM FORM, as stated above.

## 11. What If You Have Questions?

This Notice only summarizes the lawsuit, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the Court file for the lawsuit, contact the Claims Administrator or contact the Class Counsel listed in Section 5 above.

In order to see the complete court file, including a copy of the Settlement Agreement, you should visit the Clerk of the Court, United States District Court for the Northern District of Ohio, [address]. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your expense during normal business hours.

You may also obtain additional information concerning the Settlement from www.aviwages.com or by contacting the Claims Administrator at:

**AVI WAGES SETTLEMENT**
**c/o RG/2 Claims Administration LLC**
**P.O. Box _____**
**Philadelphia, PA 19102-____**
**(800) ___-____**

*<u>Do not contact the Court about this matter.</u>*
