UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOBIAS MOONEYHAM and DEREK SLEVE, individually and on behalf of all similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AVI FOODSYSTEMS, INC.,<br><br>Defendant. | Case No. 1:17-CV-00103-DCN<br><br>Judge Donald C. Nugent |

## PROPOSED FINAL APPROVAL ORDER

WHEREAS, Plaintiffs Tobias Mooneyham and Derek Sleve ("Plaintiffs" or the "Representative Plaintiffs") and Defendant AVI Foodsystems, Inc. ("Defendant") entered into a settlement agreement (the "Settlement Agreement") on December 15, 2017, to settle this class action and collective action lawsuit (the "Class Action"); and,

WHEREAS, the Court entered an Order dated January 26, 2018 (the "Preliminary Approval Order"), preliminarily approving the parties' settlement consistent with the requirements of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, certifying a class for settlement purposes (the "Settlement Class") and ordering notice be sent to Settlement Class members providing Settlement Class members with an opportunity either to participate in the settlement, exclude themselves from the Settlement Class, or object to the proposed settlement; and,

WHEREAS, the Court held a settlement fairness hearing on May 9, 2018 to determine whether to give final approval to the proposed settlement; and,

1

WHEREAS, the Court makes the following combined findings of fact and conclusions of law in support of approval of the proposed settlement.

NOW, THEREFORE, based on the submissions of the parties, upon reviewing all prior proceedings, and on the evidence adduced at the settlement fairness hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Incorporation of Other Documents. This final order approving this class and collective action settlement (the "Final Approval Order") incorporates herein the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2. Jurisdiction. Because adequate notice has been disseminated and all Settlement Class members have been given the opportunity to opt-out of the Class Action, the Court has personal jurisdiction with respect to the claims of all Settlement Class members. The Court has subject matter jurisdiction over the Class Action, including jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss the Class Action with prejudice.

3. Final Class and Collective Certification. The Settlement Class is certified for settlement purposes only, the Court finding that the Settlement Class satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The "Settlement Class" consists of any exempt Route Supervisor or exempt CSA Supervisor employed by Defendant AVI Foodsystems, Inc. in Ohio from January 13, 2015 to the present. A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, was previously certified and remains certified, consisting of all exempt Route

Supervisors or exempt CSA Supervisors who opted into this Action on or before October 2, 2017.

4. Adequacy of Representation. Seth R. Lesser, and Fran L. Rudich of Klafter, Olsen, & Lesser, LLP; Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP; and Jack Landskroner and Drew Legando of Landskroner, Grieco, Merriman, LLC, acting as Class Counsel, have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. Class Notice. The Court finds that the Class notices and their distribution to Settlement Class members have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a) constitute the best practicable notice to Settlement Class members under the circumstances of the Class Action;

    b) constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of (i) the pendency of the Class Action; (ii) the terms and conditions of the settlement and their rights under the settlement; (iii) their right to exclude themselves from the Settlement Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by the Class Representatives and Class Counsel, and/or the award of attorneys' fees and costs and the enhancement payment to the Class Representatives, (v) their right to appear at the settlement fairness hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class, and (vi)

the binding effect of the orders and judgment in the Class Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class;

    c)    constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and,

    d)    constitute notice that fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process.

6.    **Final Settlement Approval.** The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the dispute. No person objected to the Settlement Agreement, nor excluded himself or herself from the Settlement. The Settlement Agreement and all of its terms are fully and finally approved as fair, reasonable, and adequate, and in the best interest of each of the parties and the Settlement Class. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7.    **Class Action Fairness Act.** The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, have been complied with and there have been no objections from any state or federal officials regarding the Settlement.

8.    **Binding Effect.** The terms of the Settlement Agreement, this Final Approval Order, and the accompanying final judgment are binding on the Settlement Class and Collective members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the

Class Action and are encompassed by the Waiver and Release set forth in the Settlement Agreement.

9. Release. The Settlement Class and Collective members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order shall be bound by the Waiver and Release provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons receive any compensation under the Settlement Agreement. The Waiver and Release is effective as of the date of this Final Approval Order and the accompanying final judgment.

10. Permanent Injunction. The Settlement Class and Collective members who did not exclude themselves from the Settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on claims included in the Settlement Agreement's Waiver and Release. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Class Action and to protect and effectuate the Court's Final Approval Order and final judgment.

11. Enforcement of Settlement. Nothing in this Final Approval Order or the accompanying final judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12. Attorneys' Fees and Expenses. Class Counsel are hereby awarded attorneys' fees of $500,000. Class Counsel are hereby awarded reimbursement of actual litigation costs in the amount of $17,750. Such fees and expenses are to be paid pursuant to the conditions set forth in

the Settlement Agreement. Defendant shall not be required to pay for any other attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Representative Plaintiffs or Settlement Class members or incurred by the Representative Plaintiffs or Settlement Class members, or any of them, in connection with or related in any manner to the Class Action, the settlement of the Class Action, the administration of such settlement, and/or the claims settled in the Class Action.

13. Representative Plaintiffs' Enhancement Payment. The Court finds that an enhancement payment to both of the Representative Plaintiffs in the amount of $5,000 to be paid by Defendant for service and assistance to the Settlement Class and Collective in this Action, is reasonable and appropriate. The enhancement payments are to be paid pursuant to the conditions set forth in the Settlement Agreement.

14. Settlement Administration Costs. The Court finds that administrative costs of the third-party administrator in an amount of up to $9,500, to be paid by Defendant to the Claims Administrator, are reasonable and appropriate. Settlement administration costs are to be paid pursuant to the conditions set forth in the Settlement Agreement.

15. Retention of Jurisdiction. The Court has jurisdiction to enter this Final Approval Order and the accompanying final judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying final judgment, and for any other necessary purpose, including, without limitation:

a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Class Action that, in whole or in part,

are related to or arise out of the Settlement Agreement, this Final Approval Order or the final judgment;

       b)    entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the final judgment approving the Settlement Agreement, and permanently enjoining Settlement Class members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and,

       c)    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

16.    Compromise Acknowledgement. Neither this Final Approval Order and the accompanying final judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this final approval order and the final judgment) is, may be construed as, or may be used as, an admission or concession, as set forth in the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

_May 9, 2018_  
DATE

_Donald C. Nugent_  
DONALD C. NUGENT  
UNITED STATES DISTRICT JUDGE